IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfonso Ware, Jr., #168464, | ) | C.A. #9:07-3799-PMD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden, Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

The above-captioned case is before this court upon the magistrate judge's recommendation that the case be dismissed. Because petitioner is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] No objections have been filed

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report

to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate judge, it is hereby **ordered** that the petition in the above-captioned case be **dismissed without prejudice** as a successive § 2254 petition under Rule 9 of Section 2254 Rules, and without respondent filing a return.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

January 4, 2008
Charleston, South Carolina

---

before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.

2

**NOTICE OF RIGHT TO APPEAL**

       Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.